IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00406-F

| | |
|---|---|
| LAWRENCE WAYNE HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on Plaintiff's *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings. [DE-1]. Upon consideration of Plaintiff's application, it is recommended that Plaintiff's motion be denied.[1]

A litigant may commence an action in federal court *in forma pauperis* ("IFP") if he files an affidavit in good faith containing a statement of his assets and demonstrating that he cannot afford to pay the required fees of the lawsuit. *See* 28 U.S.C. § 1915(a)(1). The IFP statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them "to proceed without having to advance the fees and costs associated with litigation." *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). However, "proceeding [IFP] in a civil case is a privilege or favor granted

---

[1] A magistrate judge, proceeding under 28 U.S.C. § 636(b), lacks authority to deny an application to proceed *in forma pauperis* and may only issue a recommendation to the district court. *Hunter v. Roventini*, No. 14-2259, 2015 WL 3483102, at *1 (4th Cir. June 3, 2015) (unpublished) (citing *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) ("[A] denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.")).

by the government." *White v. Barnhart*, Nos. 1:02-CV-556, 1:02-CV-557, 2002 WL 1760980, at *1 (M.D.N.C. July 30, 2002) (unpublished). In ruling on an IFP application, the court is required to exercise discretion in determining whether to grant or deny the application. *Id.* In *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the Supreme Court first set forth the standard for the determination of *in forma pauperis*: "[w]e think an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). In exercising its discretion, the court is to be mindful that the ability to pay does not require that a plaintiff prove that he is "absolutely destitute." *Id.*

Plaintiff is currently unemployed, and appears to receive $700.00 a month in unemployment benefits. [DE-1] at 2. However, Plaintiff was last employed from April of 2013 until July of 2015, earning $2,000.00 in gross monthly pay. *Id.* Plaintiff's reported monthly expenses are $1,345.00. *Id.* at 5. Plaintiff reported three checking accounts, totaling $4,000.00, $500.00, and $250.00, in addition to a savings account containing $28,000.00, and a mutual fund containing $55,000.00. *Id.* at 2. Further, Plaintiff owns a home valued at $100,000, and two vehicles, valued at $1,500.00 and $3,000.00. *Id.* at 3. Plaintiff has no dependents. *Id.*

Based on the information provided by Plaintiff regarding his current financial status, he has failed to demonstrate sufficient evidence indicating that payment of the required court costs would deprive him or his family of the "necessities of life." *See Adkins*, 355 U.S. at 339. While Plaintiff is unemployed, he has sizeable funds in several bank accounts, in addition to owning a home and two vehicles. [DE-1]. Although Plaintiff asserts that he is unable to pay the costs of these proceedings, the Court notes that the "privilege to proceed without posting security for costs and fees is reserved

2

to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them." *Brewster v. N. A. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Accordingly, it is recommended that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to tender to the clerk the filing and administrative fees of $400.00.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **September 11, 2015** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

3

Case 5:15-mc-00104-F   Document 5   Filed 08/25/15   Page 3 of 4

SUBMITTED, this the 25 day of August 2015.

                                                    Robert B. Jones, Jr.
                                                    United States Magistrate Judge